ANDREW S. BISOM, Bar No. 137071
**THE BISOM LAW GROUP**
8001 Irvine Center Drive, Ste. 1170
Irvine, CA. 92618
Telephone  (714) 643-8900
Facsimile  (714) 643-8901
abisom@bisomlaw.com

MARK W. EISENBERG; Bar No. 160202
**EISENBERG LAW FIRM, APC**
8001 Irvine Center Drive, Ste. 1170
Irvine, CA. 92618
Telephone (714) 250-8000
Facsimile  (714) 250-8877
mwe@injuryresourcescenter.com

Attorneys for Plaintiffs, LAW OFFICES OF ANDREW S. BISOM
And EISENBERG LAW FIRM, APC

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## RIVERSIDE DIVISION

| | |
|---|---|
| In re:<br><br>**NANCY ANN HOWELL,**<br><br>   **Debtor**<br>────────────────<br><br>**LAW OFFICES OF ANDREW S. BISOM, EISENBERG LAW FIRM, APC**<br><br>   **Plaintiff,**<br><br>**vs.**<br><br>**NANCY ANN HOWELL,**<br><br>   **Defendant.** | Chapter 7<br><br>Case Number:  6:13-bk-29922-MH<br><br>Adversary Number: 6:14-ap-01070-MH<br><br>**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE SUMMARY ADJUDICATION OF ISSUES**<br><br>Date:   December 10, 2014<br>Time:   2:00 p.m.<br>Ctrm:   303 |

LAW OFFICE OF
ANDREW S. BISOM
695 TOWN CENTER DR., STE 700
COSTA MESA, CALIFORNIA 92626
(714) 384-6440 · FAX (714) 384-6441

1

Plaintiffs the Law Offices of Andrew S. Bisom and Eisenberg Law Firm, APC, (collectively "Plaintiffs") hereby seek summary judgment against Nancy Ann Howell ("Howell" or "Defendant") pursuant to Rule 56 of the Federal Rules of Civil Procedure or in the alternative, summary adjudication of issues. Plaintiffs seek judgment for determination of their claim under Sections 523(a)(2)(A) and (a)(6), as follows:

## STATEMENT OF FACTS

In or about September 2006, Howell retained Plaintiffs to represent her interests in an on-going action ("the underlying action") she had commenced against the Oso Valley Greenbelt Association and two of its officers and/or directors, Thomas Cole Hunter and Michael Gromek. Howell alleged that on May 10, 2005, while attending a meeting of the Oso Valley Greenbelt Association, she was the victim of a "citizen's arrest" instigated by Hunter and Gromek.

Defendant advised Plaintiffs that her arrest was an unprovoked incident and later provided Plaintiffs an audio recording of the meeting during which she was arrested. Defendant indicated that she and others had previously served as officers and / or directors of the Oso Valley Greenbelt Association and that the new board including, but not limited to, Hunter and Gromek, were determined to prohibit them from partaking in any fashion in further board meetings.

At the time of their initial meeting on September 22, 2006, Defendant provided Plaintiffs with a copy of her arrest report and a copy of her file in the underlying action which contained various communications from the defendants' counsel about her continuing failure and refusal to participate in the discovery process. After spending approximately three (3) hours meeting with Defendant, Plaintiffs agreed to assume handling the underlying action on her behalf.

LAW OFFICE OF
ANDREW S. BISOM
695 TOWN CENTER DR., STE 700
COSTA MESA, CALIFORNIA 92626
(714) 384-6440 • FAX (714) 384-6441

2

MOTION FOR SUMMARY JUDGMENT

Immediately upon their being retained, Plaintiffs began working on the underlying action. Their efforts in this regard included, but were not limited to, moving to amend and amending Defendant's Complaint to add new parties and causes of action, preparing and serving written discovery, working to resolve the pending discovery dispute concerning Defendant's failure to respond to discovery, and noticing the depositions of Hunter and Gromek.

While actively engaged in the prosecution of Defendant's claim and attempting to prepare her case for trial, Plaintiffs learned, for the first time, that Defendant had previously been involved in litigation with the Oso Valley Homeowners Association and one or more of its board members, which resulted in a significant monetary judgment against her.

In or about February 2007, Plaintiffs learned that Defendant had gone behind Plaintiffs' back and on her own, had negotiated a settlement with the Oso Valley Homeowners Association, Thomas Cole Hunter and Michael Gromek in exchange for a cash payment and Defendant being relieved of her obligation for the monetary judgment obtained against her in the prior litigation. Plaintiffs have not received any payment from Defendant for the services they rendered or costs incurred on her behalf in the underlying action.

Plaintiffs filed a lawsuit, which included a cause of action of fraud against Defendant. The case was captioned Law Offices of Andrew S. Bisom and Day | Eisenberg v. Nancy Howell, Superior Court of California, County of Orange, Central Justice Center, Case No. 07-CC-06921 (State Court Action"). After a trial in which the jury found that Defendant defrauded Plaintiffs, the Superior Court entered judgment in Plaintiffs' favor and against Defendant, in the amount of $48,080.94, and costs of $2,040.00. Interest on the State Court Judgment has incurred at the rate of 10% per annum since November 2008.

On April 7, 2011, Day | Eisenberg transferred and assigned all of its title, right of ownership, and interest in the State Court Judgment to Eisenberg Law Firm, APC.

///

LAW OFFICE OF
ANDREW S. BISOM
695 TOWN CENTER DR., STE 700
COSTA MESA, CALIFORNIA 92626
(714) 384-6440 · FAX (714) 384-6441

3

MOTION FOR SUMMARY JUDGMENT

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STANDARD FOR SUMMARY JUDGMENT

Summary Judgment may be entered "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law" FRCP Rule 56(a), as incorporated by Rule 7056; Barboza v. New Form, Inc. (In re Barboza), 545 F.3d 702, 707 (9th Cir. 2008)

**Section 523(a)(2)**

Section 523(a)(2) provides:

(a) A discharge under section 727…does not discharge an individual debtor from any debt –

(2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained, by – (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

When Defendant retained Plaintiffs, she knowingly and purposefully failed to disclose her prior involvement in litigation with the Oso Valley Homeowners Association and its board members and further knowingly and purposefully failed to disclose that her participation in that proceeding had resulted in a substantial monetary judgment against her. Defendant knew these omissions to be material.

Defendant represented to Plaintiffs that she desired their services to aggressively prosecute her claim for monetary damages for false arrest and imprisonment. In reliance thereon, Plaintiffs immediately undertook prosecution of Defendant's claim in the underlying action spending considerable time and money in furtherance thereof.

In reality, and unbeknownst to Plaintiffs, Defendant sought Plaintiffs' prosecutorial services in the underlying action as a bargaining chip to dissuade the Oso Valley Homeowners Association and its board members from pursuing any further legal action against her, including,

LAW OFFICE OF
ANDREW S. BISOM
695 TOWN CENTER DR., STE 700
COSTA MESA, CALIFORNIA 92626
(714) 384-6440 · FAX (714) 384-6441

4

MOTION FOR SUMMARY JUDGMENT

collection efforts aimed at recovering some or all of the monetary judgment previously obtained against her.

Defendant purposefully and intentionally failed to include and involve Plaintiffs in her private negotiations with the Oso Valley Homeowners Association and its board members and attorneys, continually reassuring Plaintiffs that it was her intention to prosecute the underlying action to verdict.

Notwithstanding Defendant's continued representations which Plaintiffs accepted and believed to be true and upon which they relied in continuing their efforts to prosecute the underlying action, Defendant actually worked behind the scenes, without Plaintiffs' knowledge, to secure a release of her financial obligations to the Oso Valley Homeowners Association and its board members while at the same time working to deprive Plaintiffs of the fees and costs to which they were entitled in the underlying action.

As a direct and proximate result of Defendant's conduct, Plaintiffs have been directly damaged through the loss of attorney's fees and out-of-pocket costs in an amount according to proof, incurred both in the prosecution of the underlying action and the prosecution of this action.

The debt owed by Defendant is non-dischargeable under §523(a)(2)(A) of the Bankruptcy Code. Defendant obtained money and services by false pretenses, false representations and actual fraud as set forth above.

**Section §523(a)(6)**

Section 523(a)(6) excepts from discharge debts resulting from "willful and malicious injury by the debtor to another entity or to the property of another entity." §523(a)(6). Section 523(a)(6) applies only to intentional torts, which "generally require that the actor intend the consequences of an act, not simply the act itself." Kawaauhau v. Geiger, 523 U.S. 57,61, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998).

LAW OFFICE OF
ANDREW S. BISOM
695 TOWN CENTER DR., STE 700
COSTA MESA, CALIFORNIA 92626
(714) 384-6440 · FAX (714) 384-6441

5

MOTION FOR SUMMARY JUDGMENT

Section 523(a)(6) requires separate findings on the issues of "willful" and "malicious." In re Hayes, 315 B.R. 579, 590 (CD Cal. 2004). The "willful" injury requirement is met "when it is shown either that the debtor had a subjective motive to inflict injury or that the debtor believed that injury was substantially certain to occur as a result of his conduct." Carrillo v. Su (In re Su), 290 F.3d 1140, 1146-47 (9th Cir.2002). A "malicious injury" involves "1) a wrongful act, 2) done intentionally, 3) which necessarily causes injury, and 4) is done without just cause or excuse. Petralia v. Jerich (In re Jerich), 238 F.3d 1202, 1209 (9th Cir.).

Defendant caused willful and malicious injury to Plaintiffs by wrongfully concealing her prior involvement in litigation with the Oso Valley Homeowners Association and its board members and further knowingly and purposefully failed to disclose that her participation in that proceeding had resulted in a substantial monetary judgment against her. Defendant knew these omissions to be material.

Plaintiffs further allege that Defendant worked behind the scenes, without Plaintiffs' knowledge, to secure a release of her financial obligations to the Oso Valley Homeowners Association and its board members while at the same time working to deprive Plaintiffs of the fees and costs to which they were entitled in the underlying action.

Plaintiffs are entitled to a determination that the debt owed by Defendant is not dischargeable pursuant to Section 523(a)(6).

## II.

### IMPOSITION OF RES JUDICADA IS APPROPRIATE IN THIS CASE

The doctrine of res judicata provides that a final judgment on the merits of an action precludes the parties from relitigating issues that were or could have been raised in that action. Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411, 414-415, 66 L.Ed.2d 308 (1980). Res judicata relieves parties of the burden of multiple lawsuits and prevents inconsistent decisions.

The party seeking to impose res judicata must establish: 1) a final judgment on the merits in

LAW OFFICE OF
ANDREW S. BISOM
695 TOWN CENTER DR., STE 700
COSTA MESA, CALIFORNIA 92626
(714) 384-6440 · FAX (714) 384-6441

6

MOTION FOR SUMMARY JUDGMENT

the prior action, 2) the claims raised in the subsequent action are identical to those decided in the prior action, and 3) the prior action involved the same parties. Hoxworth v. Blinder, 74 F.3d 205, 208 (10th Cir. 1996).

The present case satisfies all of the elements necessary for implication of res judicata. The parties in the State Court Action are identical to those in the instant case. The causes of action included the same fraudulent conduct by Ms. Howell as is complained of here. Finally, a jury rendered its verdict upon the conclusion of a trial on the merits, and found in Plaintiffs' favor on all causes of action. The jury rendered their special verdict in writing, which included the following findings:

Question No. 6:  Did defendant, NANCY HOWELL intentionally fail to disclose important fact(s) that plaintiffs, LAW OFFICES ANDREW S. BISOM and DAY | EISENBERG did not know and could not reasonably have discovered?

Answer: Yes.

Question No. 7:  Did defendant, NANCY HOWELL intend to deceive plaintiffs, LAW OFFICES OF ANDREW S. BISOM and DAY | EISENBERG by concealing the fact(s)?

Answer: Yes.

Question No. 8:  Did plaintiffs, LAW OFFICES OF ANDREW S. BISOM and DAY | EISENBERG rely on defendant, NANCY HOWELL's deception and was such reliance reasonable under the circumstances?

Answer: Yes.

Question No 9:  Was defendant, NANCY HOWELL's concealment a substantial factor in causing harm to plaintiffs, LAW OFFICES OF ANDREW S. BISOM and DAY | EISENBERG?

Answer: yes.

Question No. 10:  What are plaintiffs, LAW OFFICES OF ANDREW S. BISOM's and DAY | EISENBERG's damages resulting from the fraud Mrs. Howell committed upon them?

LAW OFFICE OF
ANDREW S. BISOM
695 TOWN CENTER DR., STE 700
COSTA MESA, CALIFORNIA 92626
(714) 384-6440 · FAX (714) 384-6441

7

MOTION FOR SUMMARY JUDGMENT

Answer:

LAW OFFICE OF ANDREW S. BISOM:                    $24.040.47

DAY | EISENBERG:                    $24,040.47

TOTAL          $48,080.94

Question No. 11: Did defendant, NANCY HOWELL engage in the conduct complained of by plaintiffs, LAW OFFICES OF ANDREW S. BISOM and DAY | EISENBERG with malice, oppression or fraud?

Answer: Yes.

Question 12: What amount of punitive damages, if any, do you award plaintiffs, LAW OFFICES OF ANDREW S. BISOM and DAY | EISENBERG?

Answer: $144,243.71.

The trial court judge later reduced the judgment to $24,040.47 in favor of the LAW OFFICE OF ANDREW S. BISOM and $24,040.47 to DAY | EISENBERG plus costs of $2,068.40.

## III.

## <u>APPLICATION OF COLLATERAL ESTOPPEL IS APPROPRIATE IN THIS CASE</u>

Collateral estoppel prevents relitigation of issues previously litigated, which were necessary to the outcome of the prior litigation. Issue preclusion "is appropriate when the following elements are met: (1) there was a full and fair opportunity to litigate the issue in the previous action; (2) the issue was actually litigated in that action; (3) the issue was lost as a result of a final judgment in that action; and (4) the person against whom collateral estoppel is asserted in the present action was a party or in privity with a party in the previous action." In determining whether the same claim or cause of action was involved in both suits, the following factors would be considered: "(1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the

LAW OFFICE OF
ANDREW S. BISOM
695 TOWN CENTER DR., STE 700
COSTA MESA, CALIFORNIA 92626
(714) 384-6440 · FAX (714) 384-6441

8

MOTION FOR SUMMARY JUDGMENT

same right; and, (4) whether the two suits arise out of the same transaction or nucleus of facts." Rein v. Providian Financial Corp., 270 F.3d 895, 899 (9th Cir. 2001.

The party seeking to assert collateral estoppel has the burden of proving all the requisites for its application. To sustain his burden the party must introduce a record sufficient to reveal the controlling facts and pinpoint the exact issues litigated in the prior action. Any reasonable doubt about what was decided by the prior judgment should be resolved against using it as an estoppel. Spilman v. Harley, 656 F2d 224, 227-28 (6th Cir. 1981).

All of the elements necessary for imposing collateral estoppel exist in the present case. The Debtor's liability for fraud was "actually litigated" and was "necessary" to the state court judgment. The actual fraud found was the identical fraud required for §523(a)(2)(A), i.e. actual fraud. The Court also determined that the Debtor's conduct met the requirements for willful and malicious injury under §523(a)(6).

## IV.

## THE COURT SHOULD GRANT PLAINTIFFS SUMMARY JUDGMENT ON THE

## SECTION 523(a)(2)(A) CAUSE OF ACTION

The five elements necessary to obtain a nondischargeable judgment for fraud under Section 523 (a)(2)(A) are 1) a material false representation or pretense, 2) the debtor's knowledge of the representations' falsity, 3) the debtor's intent to defraud or deceive the creditor, 4) the creditor's reasonable reliance, and 5) the creditor's damages as a proximate result of reliance on the debtor's misrepresentation. The creditor has the burden of proving each element by a preponderance of the evidence. Grogan v. Garner, 498 U.S. 279, 111 S. Ct. 654, 112 L. Ed. 2d 755 (1991).

The jury's verdict in the State Court Action satisfies all of the elements required find nondischargeable fraud.

The jury's finding in response to special verdict number 6 satisfies the element of Howell's false representation or pretense:

LAW OFFICE OF
ANDREW S. BISOM
695 TOWN CENTER DR., STE 700
COSTA MESA, CALIFORNIA 92626
(714) 384-6440 • FAX (714) 384-6441

MOTION FOR SUMMARY JUDGMENT

Question No. 6: Did defendant, NANCY HOWELL intentionally fail to disclose important fact(s) that plaintiffs, LAW OFFICES ANDREW S. BISOM and DAY | EISENBERG did not know and could not reasonably have discovered?

Answer: Yes.

Howell's failure to disclose her prior litigation with the homeowner's association constituted a false representation. Numerous cases have held that silence and concealment may constitute a false representation. In re Demarest, 176 B.R. 917 (Bankr. W.D. Wash. 1995) aff'd, 124 F.3d 211 (9th Cir. 1997) (silence may create a false impression establishing false pretenses under Code §523 (a)(2)(A).

The jury found Howell intended to deceive Plaintiffs by their finding in response to question 7 and satisfies the element of intent.

Question No. 7: Did defendant, NANCY HOWELL intend to deceive plaintiffs, LAW OFFICES OF ANDREW S. BISOM and DAY | EISENBERG by concealing the fact(s)?

Answer: Yes.

The jury's finding in question 8 satisfies plaintiffs' reliance on Howell's misrepresentation and the reasonableness of their reliance.

Question No. 8: Did plaintiffs, LAW OFFICES OF ANDREW S. BISOM and DAY | EISENBERG rely on defendant, NANCY HOWELL's deception and was such reliance reasonable under the circumstances?

Answer: Yes.

The final element necessary for a §523(a)(2)(A) judgment is that the creditor incurred loss or damage as a proximate result of the debtor's fraud. Plaintiffs satisfy this element through the jury's findings in questions 9 and 10.

Question No 9: Was defendant, NANCY HOWELL's concealment a substantial factor in causing harm to plaintiffs, LAW OFFICES OF ANDREW S. BISOM and DAY |

LAW OFFICE OF
ANDREW S. BISOM
695 TOWN CENTER DR., STE 700
COSTA MESA, CALIFORNIA 92626
(714) 384-6440 · FAX (714) 384-6441

10

MOTION FOR SUMMARY JUDGMENT

EISENBERG?

Answer: yes.

Question No. 10:  What are plaintiffs, LAW OFFICES OF ANDREW S. BISOM's and DAY | EISENBERG's damages resulting from the fraud Mrs. Howell committed upon them?

Answer:

| | |
|---|---|
| LAW OFFICE OF ANDREW S. BISOM: | $24.040.47 |
| DAY \| EISENBERG: | $24,040.47 |
| TOTAL | $48,080.94 |

The jury's findings in the Special Verdict form in the State Court Action satisfies all of the elements necessary for judgment of nondischargability under §523(a)(2)(A). Plaintiffs have satisfied all of the elements necessary for Summary Judgment on their §523(a)(2)(A) cause of action.

**V.**

**THE COURT SHOULD GRANT SUMMARY JUDGMENT ON THE SECTION 523(a)(6)**

**CAUSE OF ACTION**

Debts arising from injuries intentionally inflicted on to the person are excepted from discharge upon a showing of malice. Plaintiff must prove that the injury was inflicted intentionally and maliciously. Plaintiffs are able to satisfy this element through the jury's response the Special Verdict.

Special Verdict question 11 and the jury's findings clearly show that Howell's actions towards Plaintiffs were conducted with malice.

Question No. 11:  Did defendant, NANCY HOWELL engage in the conduct complained of by plaintiffs, LAW OFFICES OF ANDREW S. BISOM and DAY | EISENBERG

LAW OFFICE OF
ANDREW S. BISOM
695 TOWN CENTER DR., STE 700
COSTA MESA, CALIFORNIA 92626
(714) 384-6440 · FAX (714) 384-6441

11

MOTION FOR SUMMARY JUDGMENT

with malice, oppression or fraud?

Answer: Yes.

The jury found Howell's conduct to be so egregious they awarded Plaintiffs punitive damages (later reversed by the trial judge) of $144,243.71.

## VI.

## CONCLUSION

Plaintiffs respectfully request that the Court enter summary judgment as a matter of law or, in the alternative, grant summary adjudication, in Plaintiffs' favor on the first and second causes of action as set forth in the Complaint.

Dated: October 29, 2014                    THE BISOM LAW GROUP

By: _____
Andrew S. Bisom, Attorney for
Plaintiffs

LAW OFFICE OF
ANDREW S. BISOM
695 TOWN CENTER DR., STE 700
COSTA MESA, CALIFORNIA 92626
(714) 384-6440 · FAX (714) 384-6441

12

MOTION FOR SUMMARY JUDGMENT

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
8001 Irvine Center Drive, Ste. 1170. Irvine, CA. 92618
A true and correct copy of the foregoing document entitled (*specify*): <u>Plaintiffs' Motion For Summary Judgment Or In The
Alternative Summary Adjudication Of Issues</u>
will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in
the manner stated below:

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:** Pursuant to controlling General
Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On July 16,
2014, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following
persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. <u>SERVED BY UNITED STATES MAIL</u>:**
On (*date*) <u>October 29, 2014</u>, I served the following persons and/or entities at the last known addresses in this bankruptcy
case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail,
first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the
judge <u>will be completed</u> no later than 24 hours after the document is filed.

Nancy Ann Howell
45005 Anabell Lane
Lake Elsinore, CA. 92532

Nancy Ann Howell
26615 Heather Brook Lane
Lake Forest, CA. 92630

☐ Service information continued on attached page

**3. <u>SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL</u> (state method
for each person or entity served):** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) July 16, 2014, I served the
following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to
such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration
that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is
filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 29, 2014 | Andrew Bisom | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.