FILED
JAN 1 2 2017
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:           Deputy Clerk

ENTERED
JAN 1 3 2017
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY:           Deputy Clerk

# UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
### RIVERSIDE DIVISION

| | |
|---|---|
| In re<br><br>Nancy Ann Howell,<br>           **Debtor**.<br><br>Law Office of Andrew S. Bisom,<br>Eisenberg Law Firm, APC,<br>           **Plaintiffs**,<br> vs.<br>Nancy Ann Howell,<br>          **Defendant**. | Case No.: 6:13-bk-29922 MH<br><br>Adversary No.: 6:14-ap-01070 MH<br><br>Chapter 7<br><br>**ORDER DENYING MOTION TO SET TRIAL DATE**<br><br>Date:  December 14, 2016<br>Time:  2:00 p.m.<br>Ctrm:  303 |

  On November 30, 2016, Nancy Ann Howell (the "Defendant") filed a Motion to Set Trial Date (the "Motion"). A hearing on the Motion was held on December 14, 2016, at 2:00 p.m. Appearances were noted on the record. Based upon the arguments of the parties, the pleadings, filings and record before the Court, and the Court's tentative ruling attached hereto, which is adopted as the Court's final ruling as supplemented on the record at the hearing, and good cause appearing therefore,

//

//

- 1 -

**IT IS ORDERED** that Defendant's request to set a trial date is denied.

###

Date: January 12, 2017

Mark Houle
United States Bankruptcy Judge

United States Bankruptcy Court
Central District of California
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

Wednesday, December 14, 2016     Hearing Room    303

2:00 PM
**6:13-29922**    **Nancy Ann Howell**        **Chapter 7**
Adv#: 6:14-01070     Law Office of Andrew S. Bisom et al v. Howell

    **#32.00**    Motion to set Trial Date

          Also #30 - #33

          EH__

                               Docket     148

**Tentative Ruling:**

**12/14/2016**
**BACKGROUND**

      On December 12, 2013, Nancy Ann Howell (the "Debtor") filed her petition for chapter 7 relief. The Debtor received her discharge on April 1, 2014, and the case was closed on April 9, 2014. Prior to the case closing, on March 14, 2014, the Law Office of Andrew S. Bisom and the Eisenberg Law Firm ("Plaintiffs"), filed a suit against the Debtor for determination of dischargeability of debt under §§ 523(a)(2) and 523(a)(6) (the "Complaint"). The Complaint alleges that Plaintiffs initiated a state court action ("State Court Action") and obtained a state court judgment (the "Judgment") against Defendant for fraud, which is non-dischargeable under 11 U.S.C. §§ 523(a)(2)(A) and (a)(6).

      On October 22, 2015, Plaintiffs filed a motion for summary judgment (the "MSJ") (Docket No. 69). The MSJ has been continued numerous times for various reasons. Most recently, on or about September 14, 2016, Plaintiffs filed a Motion for Order Continuing the Hearing on the MSJ for 90 days to "allow for completion of [the Debtor's] appeal of the State Court Judgment." On September 15, 2016, the Court entered an order granting the Plaintiffs' request for a continuance on the MSJ hearing, and continuing the MSJ hearing to December 14, 2016. On September 28, 2016, the Debtor filed a motion for reconsideration of the December 14, 2016", order continuing the hearing (the "First Reconsideration Motion"). The Court denied the Debtor's First Reconsideration Motion on November 14, 2016. On the record at the November 2, 2016, hearing on the First Reconsideration Motion, the Court indicated on the record

**United States Bankruptcy Court**
**Central District of California**
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

Wednesday, December 14, 2016                                              Hearing Room    303

2:00 PM
**CONT...**      **Nancy Ann Howell**                                                **Chapter 7**
that it was inclined to continue the MSJ hearing, or deny the motion and permit refiling until such time as the appeals as to the underlying State Court Judgment entered against the Debtor have been completed.

        On November 28, 2016, the Debtor filed a Motion to Set Trial Date (the "Motion").

**DISCUSSION**
        Trial courts are given broad discretion in managing their docket, and a court's determination of timeliness is reviewed for abuse of discretion. *United States v. Oregon*, 745 F.2d 550, 552 (9th Cir.1984). *Rodriguez Sarmiento v. Rodriguez Sarmiento*, 100 F. App'x 645, 647 (9th Cir. 2004).

        The Debtor requests that the Court set a 2-5 day trial beginning on January 2, 2017 at 2:00 a.m. [sic]. [FN:1: The Court notes that January 2, 2017, is a federal holiday and unavailable as a trial date]. In support, the Debtor has provided a declaration to support her need to relocate to the East Coast where her child receives medical treatments. The Debtor asserts that up to this point she has expended funds staying in hotels and does not have the funds to get the medical treatment that her child requires without relocating. Debtor further asserts that she feels she is being "held hostage" by the Court continuing her matter pending resolution of her appeals.

        In the instant case, an essential determination in the Complaint is the issue of fraud. The Plaintiffs have alleged that the State Court Action resulted in a Judgment of fraud as to the Debtor that would resolve the instant proceeding under a theory of issue preclusion. Based on these allegations of the Complaint, setting the case for trial or entry of summary judgment prior to resolution of the Debtor's appeals presents the risk of inconsistent judgments. The Debtor wants to relocate. Nothing in this Court's management of the case prevents the Debtor from doing so. In situations where an appeal is pending as with the instant case, courts have often determined that a stay of the case is appropriate pending resolution of appeals in other forums. *See e.g. MP3Board v. Recording Indus. Ass'n of Am., Inc.*, 2001 WL 804502, at *3 (N.D. Cal. Feb. 27, 2001).

        Finally, as to service of the Motion, the Court notes that but for the fact that the Court itself was short staffed on November 23, 2016, and given the subsequent Thanksgiving holiday, the Motion was not docketed until November 28, 2016, at

United States Bankruptcy Court
Central District of California
Riverside
Judge Mark Houle, Presiding
Courtroom 303 Calendar

**Wednesday, December 14, 2016**                                                                 **Hearing Room    303**

2:00 PM
**CONT...    Nancy Ann Howell**                                                                         **Chapter 7**

which point the Court system emailed the Motion via NEF to the Plaintiffs. Additionally, Mr. Bisom is listed as the attorney for both Plaintiffs and is registered to receive service of documents via NEF. For these reasons, the Court finds that service of the Motion was proper. Separately, the Court notes that neither party has evidenced any prejudice from the alleged "lateness" of any of the papers. Nor does the Motion present complex legal issues or voluminous amounts of evidence. For these reasons, the Court finds that service and notice were sufficient as to all parties.

**TENTATIVE RULING**

Based on the foregoing, the Court is inclined to DENY the Debtor's Motion but shall entertain a request by the parties for a stay of the instant proceeding.

APPEARANCES REQUIRED.

| Party Information |
|---|

**Debtor(s):**

   Nancy Ann Howell                                    Pro Se

**Defendant(s):**

   Nancy Ann Howell                                    Pro Se

**Movant(s):**

   Nancy Ann Howell                                    Pro Se

**Plaintiff(s):**

   Eisenberg Law Firm, APC                         Represented By
                                               Andrew S Bisom

   Law Office of Andrew S. Bisom             Represented By
                                               Andrew S Bisom

**Trustee(s):**

   Steven M Speier (TR)                               Pro Se